# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RODRIGUEZ, | CASE NO. 1:09-cv-02184-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| HOPKINS, | (Doc. 15) |
| Defendant. | FIFTEEN-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Motion to Dismiss**

**I.    Procedural History**

Plaintiff Gregory Rodriguez, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 16, 2009. This action is proceeding against Defendant Hopkins for use of excessive physical force, in violation of the Eighth Amendment.

On June 6, 2011, Defendant filed a motion seeking dismissal of Plaintiff's due process claim for failure to state a claim and dismissal of the action in its entirety for failure to exhaust. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff did not file an opposition or a statement of non-opposition and the motion is deemed submitted.[1] Local Rule 230(l). For the reasons that follow, the Court recommends that Defendant's motion be denied.

///

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on February 28, 2011. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 11-1.)

1

## II. Discussion

### A. Failure to State a Claim for Denial of Due Process

On February 9, 2011, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendant Hopkins for excessive force in violation of the Eighth Amendment. 28 U.S.C. § 1915A; Fed. R. Civ. P. 8(a). Plaintiff's separately pled due process claim was dismissed from the action at that time, with prejudice, for failure to state a claim. 28 U.S.C. § 1915A; Fed. R. Civ. P. 8(a).

Defendant's motion is therefore moot and it should be denied on that ground.

### B. Failure to Exhaust

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit, Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002), and the failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion, Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

Plaintiff filed this action on December 16, 2009. (Doc. 1.) On the same date, he filed a notice of change of address stating that he paroled and is no longer in prison. (Doc. 2.) Because Plaintiff was not a prisoner when he filed this suit, he was not required to exhaust his claim and Defendant's motion must be denied. Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir. 2009).

## III. Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, filed June 6, 2011, be DENIED in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 11, 2011                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE