# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RODRIGUEZ, | CASE NO. 1:09-cv-02184-AWI-SKO PC |
| Plaintiff, | ORDER DENYING USM'S REQUEST FOR REIMBURSEMENT OF PERSONAL SERVICE COSTS AND DIRECTING CLERK'S OFFICE TO SERVE ORDER ON USM |
| v. | |
| HOPKINS, | |
| Defendant. | (Doc. 20) |

Plaintiff Gregory Rodriguez, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 16, 2009.  This action is proceeding against Defendant Hopkins for use of excessive physical force, in violation of the Eighth Amendment. Pending before the Court is the United States Marshal's request for reimbursement of costs incurred in effecting personal service on Defendant.  Fed. R. Civ. P. 4.

The Court ordered the USM to initiate service of process by order filed February 28, 2011. On May 3, 2011, Defendant filed a motion seeking an extension of time to file a response to Plaintiff's complaint and on June 6, 2011, Defendant filed a motion to dismiss.

The USM referred the case for personal service on May 31, 2011, and personal service was effected on June 15, 2011.

Because the USM effected personal service on Defendant after he filed a request for an extension of time to respond and after he filed a motion to dismiss, the Court declines to require

1  Defendant to reimburse the USM for the cost of personal service.[1]  (Service Order, Doc. 11, ¶6.)
2  Accordingly, the request is HEREBY DENIED and the Clerk's Office SHALL serve a copy of this
3  order on the USM in Sacramento.

5  IT IS SO ORDERED.

6  **Dated:    December 1, 2011**              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court recently changed its procedures and the defendants are now warned that if they fail to return waivers of service to the USM, costs of personal service will be taxed against them, regardless of the filing of an answer or a motion.  Those changes post-date the service issue in this case, however.