# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RODRIGUEZ, | CASE NO. 1:09-cv-02184-AWI-SKO PC |
| Plaintiff, | ORDER GRANTING MOTION TO COMPEL AND REQUIRING PLAINTIFF TO SERVE RESPONSES WITHIN THIRTY DAYS |
| v. | |
| HOPKINS, | (Doc. 29) |
| Defendant. | ORDER GRANTING PLAINTIFF FIFTEEN DAYS WITHIN WHICH TO BE HEARD ON THE PAYMENT OF REASONABLE EXPENSES |

## I. Introduction

Plaintiff Gregory Rodriguez, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 16, 2009. This action is proceeding against Defendant Hopkins for use of excessive physical force, in violation of the Eighth Amendment.

On November 19, 2012, Defendant filed a motion seeking an order compelling Plaintiff to serve responses to his interrogatories and requests for the production of documents, and for reasonable expenses incurred in the amount of $1,050.00. Fed. R. Civ. P. 37(a)(3)(B), (a)(5)(A). Plaintiff failed to respond to the motion and on December 14, 2012, the Court ordered him to file either an opposition or a statement of non-opposition within twenty-one days. Local Rule 230(l). Plaintiff has not filed a response.

## II. Motion to Compel

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). The

discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).

Pursuant to the Court's discovery order, parties are required to serve responses to discovery requests within forty-five days, and Defendant submits evidence that he served Plaintiff with interrogatories and requests for the production of documents on February 2, 2012. (Doc. 29, Motion to Compel, Coleman Dec., ¶¶3-4.) After Plaintiff failed to serve responses, Defendant sent him a meet and confer letter on June 13, 2012. (Id., ¶5.) Plaintiff responded by letter on July 2, 2012, and sent some documents, but he failed to serve responses to the outstanding discovery requests. (Id., ¶7.) On July 25, 2012, Defendant sent another letter to Plaintiff and gave him a deadline of August 6, 2012, to respond, but Plaintiff failed to respond. (Id., ¶8.)

Plaintiff also failed to respond to Defendant's motion to compel and he failed to respond to the motion when ordered to do so by the Court. Local Rule 230(l).

Accordingly, Defendant is entitled to an order compelling Plaintiff to respond to the interrogatories and requests for the production of documents. Fed. R. Civ. P. 37(a)(3)(B).

**III.    Payment of Expenses**

If a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5) (quotation marks omitted). Before doing so, the Court must provide an opportunity to be heard and the Court shall not order payment if circumstances make an award of expenses unjust. Id. (quotation marks omitted).

Defendant seeks attorney's fees in the amount of $1,050.00. Plaintiff has fifteen days from the date of service of this order to be heard regarding the payment of reasonable expenses.

**IV.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel responses to his interrogatories and requests for the production of documents, filed on November 19, 2012, is GRANTED;

///

2. Plaintiff shall serve a response to the outstanding discovery requests within **thirty (30) days** from the date of service of this order; and

3. Plaintiff has **fifteen (15) days** from the date of service of this order within which to file a response regarding the payment of reasonable expenses.

IT IS SO ORDERED.

Dated:   January 29, 2013                           /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE