UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>HOPKINS,<br><br>    Defendant.<br>_____/ | CASE NO. 1:09-cv-02184-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 30)<br><br>FIFTEEN-DAY OBJECTION PERIOD |

     Plaintiff Gregory Rodriguez, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 16, 2009. This action is proceeding against Defendant Hopkins for use of excessive physical force, in violation of the Eighth Amendment.

     On November 19, 2012, Defendant filed a motion to compel responses to his interrogatories and requests for the production of documents. Plaintiff failed to file an opposition or a statement of non-opposition, and on December 14, 2012, the Court issued an order requiring Plaintiff to file a response within twenty-one days. Local Rule 230(l). Plaintiff was warned that the failure to comply with the order would result in dismissal of the action, with prejudice, for failure to obey a court order and failure to prosecute. More than twenty-one days have passed and Plaintiff has not complied with or otherwise responded to the order.

     The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following

factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending more than three years. Plaintiff is obligated to comply with the Federal Rules of Civil Procedure, the Local Rules, and court orders. Plaintiff was required to serve responses to Defendant's discovery requests within forty-five days from February 2, 2012, and he failed to do so despite receiving two meet and confer letters from Defendant's counsel.[1] Plaintiff then failed to file a response to Defendant's motion to compel and he failed to respond to the Court's subsequent order requiring him to do so. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with discovery rules and the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court and Defendant from further unnecessary expenditures of scare resources. Plaintiff is proceeding pro se and is a former prisoner, making monetary sanctions likely of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect on a plaintiff who has ceased litigating the case.

///

---

[1] Court Doc. 29, Motion to Compel, Coleman Dec., ¶¶3-4.

2

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. Id. at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. In re PPA, 460 F.3d at 1228. This action, which has been pending since 2009, can proceed no further without Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 29, 2013**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE